ORIGIN.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2004 OCT 25 PM 3: 38

CLERK OF COURT

| | | |
|---|---|---|
| SABRE INC. and SABRE TRAVEL INTERNATIONAL LIMITED, | § | CIVIL ACTION NO. 4-04 CV-612-Y |
| Plaintiffs | § | |
| vs. | § | |
| NORTHWEST AIRLINES, INC. | § | |
| Defendant. | § | |

**MOTION OF PLAINTIFFS SABRE INC. AND SABRE TRAVEL**

**INTERNATIONAL LIMITED TO FILE SURREPLY BRIEF IN RESPONSE TO**

**NORTHWEST'S MOTION TO STAY, DISMISS OR TRANSFER VENUE**

## I.  **INTRODUCTION**

Sabre respectfully requests that the Court grant Sabre permission to file a sur-reply memorandum in response to one argument in Northwest's Reply Memorandum, which Northwest tactically withheld from its opening memorandum:  Northwest argues for the first time in its reply that Sabre Inc. lacked standing to assert the contract claim in the original complaint, thereby precluding this Court on Article III jurisdictional grounds from relating back Sabre's amended complaint.  With the Court's leave, Sabre submits the attached memorandum to demonstrate that Northwest's new argument is without merit.

## II.  **ARGUMENT**

Northwest's tactic has deprived Sabre of the opportunity to address Northwest's new legal theory. Indeed, Northwest's jurisdiction/standing argument is its lead off point in its reply memorandum, and therefore presumably Northwest's most important argument.  As Northwest's own authorities indicate, however, standing is a fact-specific inquiry.  See Barrett Computer Serv., Inc. v. PDA, Inc., 884 F.2d 214, 219 (5th Cir. 1989).  Northwest has precluded any factual development on this point by failing to adduce any evidence to support its standing argument in its opening memorandum, and by raising the argument only in its reply, to which Sabre could not respond absent permission from the Court.

Short of striking such improperly delayed new arguments, the proper remedy is to permit Sabre to file the attached surreply memorandum.  A court "generally will not consider arguments raised for the first time in a reply memorandum." Pennsylvania Gen'l Ins. Co. v. Story, 2003 WL 21435511 at *1 (N.D. Tex. 2003).  Courts recognize that when a moving party raises new arguments for the first time in its reply memorandum, the nonmoving party will suffer a "palpable injustice" unless the court strikes the new arguments or affords the nonmoving party an opportunity to file a response.  Id.  Since Northwest's new argument is purely legal, and simply wrong, a surreply memorandum is the correct relief at bar. Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc., 2003 WL 251318 at *21 (N.D. Tex. 2003) ("A sur-reply is appropriate by

19166\745577.1

DATED: October 25, 2004

By: _____
R.H. Wallace, Jr.
State Bar No. 20778700

Sydney B. Hewlett
State Bar No. 00798257

**SHANNON GRACEY RATLIFF &
MILLER LLP**
777 Main Street, Suite 3800
Fort Worth, TX 76102
Telephone: (817) 336-9333

Roderick M. Thompson
State Bar No. 096192
Neil A. Goteiner
State Bar No. 083524
Thomas B. Mayhew
State Bar No. 183539
Frank Riebli
State Bar No. 221152
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Flr.
San Francisco, CA 94104
Telephone: (415) 954-4400

Fred H. Bartlit
IL State Bar No. 127280
Chris Lind
IL State Bar No. 6225464
**BARTLIT, BECK, HERMAN,
PALENCHAR & SCOTT LLP**
Courthouse Place, 54 West Hubbard Street
Chicago, IL 60610
Telephone: (312) 494-4400

**Attorneys for Plaintiffs
SABRE INC. and SABRE TRAVEL
INTERNATIONAL LIMITED**

## CERTIFICATE OF CONFERENCE

This is to certify that on the 25th day of October, 2004, my co-counsel Frank J. Riebli conferred with Northwest's counsel of record, Thomas Tinkham, regarding this motion. Mr. Tinkham has advised that Northwest has no objection to this motion.

19166\745577.1

DATED:  October 25, 2004

By: _____
R.H. Wallace, Jr.
State Bar No. 20778700

Sydney B. Hewlett
State Bar No. 00798257

**SHANNON GRACEY RATLIFF &
MILLER LLP**
777 Main Street, Suite 3800
Fort Worth, TX 76102
Telephone: (817) 336-9333

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been furnished to counsel of record for Defendant via certified mail and facsimile this _____ day of October, 2004.

_____
Sydney B. Hewlett

19166\745577 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SABRE INC. and SABRE TRAVEL INTERNATIONAL LIMITED, | § | CIVIL ACTION NO. 4-04 CV-612-Y |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| NORTHWEST AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | |

**SUR-REPLY BRIEF OF PLAINTIFFS SABRE INC. AND SABRE TRAVEL INTERNATIONAL LIMITED IN RESPONSE TO NORTHWEST'S MOTION TO STAY, OR IN THE ALTERNATIVE TO DISMISS OR TRANSFER VENUE**

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

In place of evidence to support its transfer motion, Northwest's reply brief offers a new
first-filed argument not included in its opening brief. Northwest now contends that this Court
lacked jurisdiction over the original complaint because Sabre Inc. lacked standing to assert a
contract claim. Therefore, Northwest argues, the amended complaint does not relate back to the
filing date of the original complaint. Northwest's untimely argument rests on a misreading of
controlling Fifth Circuit law. Contrary to Northwest's view, standing defects do not preclude the
amendment from relating back to the initial complaint. The Fifth Circuit, and other courts,
recognize that Federal Rules 15 and 17 permit an amendment adding a plaintiff to relate back
where, as here: (1) Sabre Inc. and Sabre Travel (the added plaintiff) operate together, share an
identity of interests, and suffered the same injury, (2) the contract claim Sabre made in its initial
complaint sufficiently embraced the amended claims so that Northwest suffered no prejudice
from Sabre's amended complaint, filed 3 days later, and (3) Northwest knew from the PCA and
DCA contracts that Sabre Travel had through a novation replaced Sabre Inc. as the contracting
party. Sabre's first amended complaint thus cured any potential standing defect and relates back
to the filing date of the original complaint. Accordingly, Sabre's complaint remains the first-
filed complaint for purposes of Northwest's motion to transfer.

## II.   ARGUMENT

### A.   Sabre's First Amended Complaint Cured Any Possible Standing Defects And Relates Back To The Date Of The Initial Complaint.

Northwest asserts that this court lacked jurisdiction over Sabre's original complaint. No
Fifth Circuit decision supports Northwest's hyper-technical argument. To the contrary, it is
well-established that initial defects in standing are remediable through an amended complaint,
even where the original plaintiff lacks standing and the amendment substitutes a plaintiff with
standing. See Tidewater Marine Towing, Inc. v. Dow Chemical Co., Inc., 689 F.2d 1251, 1253-
54 (5th Cir. 1982) (amendment and relation back under Rule 15(c) approved where original
plaintiff lacked standing to pursue decedent's claims, but personal representative could); Reyna
v. Flashtax, Inc., 162 F.R.D. 530, 532-33 (S.D. Tex. 1995) (amendment related back under

Rule 15(c) where plaintiff originally sued in the name of a non-existing corporation); <u>Covert v.</u> <u>Liggett Group, Inc.</u>, 750 F. Supp. 1303, 1310 (M.D. La. 1990) (substitution of plaintiffs permitted under Rule 17(a) where original plaintiffs lacked standing to pursue decedent's claims but estate representative would). <u>See also</u> <u>SMS Financial, LLC v. Abco Homes, Inc.</u>, 167 F.3d 235, 244-45 (5th Cir. 1999); <u>Flores v. Cameron County</u>, 92 F.3d 258, 272 (5th Cir. 1996) (allowing relation back under Rule 15(c) where the plaintiff did not gain standing to assert the only federal claims her complaint enumerated until five years after the litigation began).[1]

An amendment that adds a new plaintiff will relate back if: (1) it substitutes a real party in interest, <u>see</u> Fed. R. Civ. P. 17(a); (2) "the new plaintiff shares an identity of interest with the original plaintiff so as to put the defendant on notice that the new plaintiff was always involved in the litigation," <u>Altamirano v. Vickers</u>, 2003 WL 22966345 at *2 (E.D. La. 2003) (citing Rule 15(c) advisory comm. note (1966)); or, (3) the new plaintiff's claims "sufficiently embrace" those of the original plaintiff so that defendant was on notice of the claim, <u>see</u> <u>Nelson v. County</u> <u>of Allegheny</u>, 60 F.3d 1010, 1014 (3d Cir. 1995).

The Fifth Circuit has long permitted substitution of a real party in interest as a plaintiff where the original plaintiff lacked standing, with the addition of the proper plaintiff relating back to the filing of the original complaint. <u>See</u> <u>Covert</u>, 750 F. Supp. at 1310. In <u>Covert</u>, the "new" plaintiff donated any claims she had against a tobacco company to her children and a non-profit organization (the "original plaintiffs"), and they then brought her personal injury claims. <u>Id.</u> at 1304. The court found the donation invalid, and thus ruled that the original plaintiffs lacked

---

[1] Other courts agree. <u>See</u> <u>e.g.</u>, <u>Dunmore v. United States</u>, 358 F.3d 1107, 1112 (9th Cir. 2004) ("That Dunmore lacked prudential standing when he filed his complaint does not end our preliminary standing inquiry. Dunmore <u>may</u> have cured his standing defect," by an amendment under Rule 17(a).) (emphasis in original); <u>LeBlanc v. Cleveland</u>, 248 F.3d 95, 99-100 (2d Cir. 2001); <u>E.R. Squibb & Sons, Inc. v. Lloyd's & Co.</u>, 241 F.3d 154, 163 (2d Cir. 2001) ("Similarly, although there may not be complete diversity when the action is brought, an amendment dropping non-dispensable parties to cure the jurisdictional defect will relate back." (quoting 3 James William Moore, <u>Moore's Federal Practice</u>, ¶ 15.15 (1996))); <u>Sogevalor, S.A. v. Penn</u> <u>Central Corp.</u>, 137 F.R.D. 12, 14 (S.D. Ohio 1991); <u>American Buildings Co. v. Varicon, Inc.</u>, 616 F. Supp. 641, 643-44 (D. Mass. 1985); <u>Haddad Bros. Inc. v. Little Things Mean A Lot, Inc.</u>, 2000 WL 1099866 at *9 (S.D.N.Y. 2000) (cited in Sabre's Opposition Brief at 11).

standing. Id. at 1309-10. The court allowed the original plaintiffs, however, to amend the complaint to substitute the mother as plaintiff. Id. at 1310. Rule 17(a), the court held, "permit[s] a plaintiff who is not a real party in interest to substitute the real party in interest in his stead, even though the original plaintiff presumably has no standing." Id. The court further permitted the amendment to relate back because the claims had not changed and the defendant had adequate notice of the factual allegations and claims in the amended complaint. Id.

Similarly, courts permit an amendment substituting plaintiffs pursuant to Rule 15 to relate back where the original plaintiff and the new plaintiff had such an identity of interests with the original plaintiff that the defendant knew all along who was involved in the litigation. See Reyna, 162 F.R.D. at 531-32. In Reyna, the original plaintiff was a non-existent corporation and the new plaintiff an individual doing business under a name similar to the non-existent corporation's. Id. at 532. The Reyna defendant objected to the proposed amendment to the complaint, arguing that the, "second amended complaint did not merely correct a misnomer but substituted an entirely new party to the action." Id. at 532. The court rejected this argument, holding that the amended complaint alleged the same facts and causes of action as the original complaint, and that, "Defendant has had notice since the inception of the lawsuit that the plaintiff was Reyna Fastax Service, which is partly owned and operated by Raul Reyna." Id. In other words, there was no prejudice to defendant from the substitution of a plaintiff with standing for a plaintiff without standing, since the defendant knew all along who was suing it and what the claims were.

The Fifth Circuit similarly approved an amendment substituting plaintiffs to relate back where the original plaintiffs lacked standing but the new plaintiff's claims were embraced by the original complaint. See Tidewater, 689 F.2d at 1254. There, the court held that the decedent's common law wife lacked standing to press his wrongful death claim. Id. at 1253. The court approved a substitution of the decedent's personal representative, however, and stated that the amendment would relate back to the date of the complaint's initial filing because, "[t]here can be no question of notice to the adversary." Id. at 1253-54.

Sabre's amendment falls squarely within this relation back doctrine as summarized by the court in <u>Altamirano</u>. Northwest does not, and cannot, claim that the August 27 amendment prejudiced its ability to defend Sabre's claims. The August 24 complaint had the same core facts and the same core contract breach claim. The request for declaratory and injunctive relief in the amended complaint did not change the substance of Sabre's contract complaint. And Northwest knew long before the August 24 complaint that Sabre Travel was intimately associated with Sabre Inc.: (1) both entities are within the same holding company, (2) sharing the same key personnel working out of Texas, and (3) Sabre Travel is a wholly-owned subsidiary of Sabre Inc.

Northwest also knew that: (1) Sabre Inc. held the contracts at issue for over a decade, (2) that Sabre Inc. continues to provide Sabre Travel and Northwest the services the contracts govern; (3) that Sabre Inc. continues to bill Northwest for all of Sabre's services; (4) that Northwest pays Sabre Inc. for those services, and, (5) that Northwest was a party to the novation which put Sabre Travel into Sabre Inc.'s shoes as the contract party.[2]  Further, Northwest does not contest the amended complaint's allegations that Sabre Inc. supports Sabre Travel's performance of obligations under the Agreement, or that an injury to Sabre Travel is likewise an injury to Sabre Inc.  <u>See</u> First Amended Complaint, ¶¶ 16, 20.  Sabre Inc. and Sabre Travel also share corporate officers and directors.  Not surprisingly, both Sabre entities view Northwest's surcharge as an attempt to undermine Sabre Inc.'s GDS, to circumvent relevant DCA agreement with Sabre Travel, and to "undermine STIL [Sabre Travel's] and Sabre Inc.'s business."  <u>See</u> September 1, 2004 Eric Speck Declaration submitted as part of Sabre's Opposition to Northwest's Motion ¶¶ 2, 3, 5.

Sabre's amendment therefore added the real party in interest, Sabre Travel, a party whose interests are closely allied with Sabre Inc.'s interests.  Moreover, the claims in the amended

---

[2] Northwest admitted in its Answer to Northwest's First Amended Complaint that it was Sabre Inc. that had entered into the Sabre PCA with Northwest in 1990, and that on July 1, 2003 Sabre Inc., Sabre Travel and Northwest novated the PCA so that the parties to the contract became only Sabre Travel and Northwest. Northwest's. Northwest's  September 14, 2004 Answer to First Amended Original Complaint, ¶ 10.

complaint arise from the same core facts as, and are "sufficiently embraced" by the claims in the original complaint. Northwest cannot credibly claim either that it was unaware who was suing it, or that the amendment prejudiced its ability to defend Sabre's claims.

Indeed, a court has permitted an amendment to relate back in circumstances factually identical to the case at bar. In Haddad Brothers, Inc. v. Little Things Mean A Lot, Inc., 2000 WL 1099866 (S.D.N.Y. 2000), a corporation (Haddad Brothers, Inc.) sued to enforce a patent that one of its officers (Mr. Haddad) held as an individual. Id. at *1. Six weeks after Haddad Brothers, Inc. filed its initial complaint for patent infringement, it amended its complaint to add Mr. Haddad, the actual patent holder, as a plaintiff to the action. Id. at *2. Defendant, meanwhile, had filed its own suit in another forum one day after the original complaint was filed by the plaintiff. Defendant sought to transfer the case to that forum, arguing as Northwest does here, that Haddad Brothers Inc.'s suit was not the first-filed because Haddad Brothers did not have standing to assert the patent infringement claim. Id. at *9. The court rejected that argument, stating that "[i]nitial defects in standing are remediable through an amended complaint. Where an amendment cures a standing defect, nothing in the nature of that amendment would prohibit it from relating back to the initial complaint." Id. Similar to Fifth Circuit courts, see Tidewater, 689 F.2d at 1254, Reyna, 162 F.R.D. at 532, as well as those Fifth Circuit decisions relied upon by Northwest, see infra at 7-8, Haddad focused on the prejudice to the defendant. Finding none, the court permitted the amendment to relate back.[3]

Northwest ignores Haddad and relies instead on PE Corp. v. Affymetrix, Inc., 2001 WL 118020 (D. Del. 2001), a "first filed" case in which the court denied relation back where the original plaintiff lacked standing when the action was filed. 2001 WL 1180280 at *3. PE Corp. is unpersuasive. It is inconsistent with Fifth Circuit relation back decisions. PE Corp. fails to

---

[3] Northwest attempts to distinguish SMS Financial, another case Sabre cited in its opposition. While the facts in SMS Financial are sparse, that court was concerned about amendments "changing a plaintiff." See 167 F.3d at 245. This suggests, contrary to Northwest's assertion, that SMS Financial and SMS Financial II were distinct entities, and thus that the misnomer in the complaint was more than a mere typographical error.

analyze whether the old and new plaintiffs are closely related, whether the core of the action remains the same, or whether the amendment and relation back prejudiced the defendant. PE Corp. simply concluded that the original plaintiff lacked standing, allowed the amendment to name the new plaintiff, but refused to relate back the amendment. It is perhaps for this reason that other courts have not cited it.[4] Sabre respectfully submits that PE Corp. remains isolated and that this Court need not accord it any weight. This Court should follow the reasoning in Haddad and Fifth Circuit decisions to find that Sabre Inc. remedied any defect in standing when it amended its complaint to add Sabre Travel as a plaintiff.

**B.      Northwest's Authorities Are Neither Factually Nor Legally On Point And Thus Do Not Control The Result Here.**

Northwest relies on two inapposite cases, Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770 (5th Cir. 1986), and Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278 (5th Cir. 1981), for its lynchpin claim – amending a complaint to add a plaintiff with standing cannot be used to correct a standing flaw in the original complaint. Neither case supports Northwest's broad proposition. Aetna, was decided based on subject-matter jurisdiction, not standing. See 796 F.2d at 776 (affirming a decision to dismiss because, "At the time this case is [sic] filed, complete diversity did not exist."). Aetna is factually distinct from this case for additional significant reasons. There, Aetna filed suit against an insured in federal court asserting diversity jurisdiction, only to discover that Aetna and the insured were both domiciled in the same state. Id. at 772. Aetna amended its complaint to substitute a different and unrelated insurance company, USF&G, as plaintiff. Id. at 772-73. The Fifth Circuit, agreeing with the district court, found that the amendment was impermissible because it appeared that the amendment was merely a contrivance to substitute an unrelated plaintiff in

---

[4]  The judge who wrote PE Corp., Judge Robinson, noted in a subsequent case, Ellenby Technologies, Inc. v. AT Systems Inc, 2002 U.S. Dist. Lexis 3506 at *6 (D. Del. 2002), that other courts disagreed with the approach she adopted in PE Corp. Ellenby also involved the first-filed doctrine. 2002 U.S. Dist. Lexis 3506 at *5-6. There, Judge Robinson deferred to a California district court's holding that the complaint before it was first-filed, even though the plaintiff who filed the original California complaint lacked standing, and Judge Robinson dismissed the second-filed action before her. Id. at *6.

order to manufacture jurisdiction: the amended complaint gave no indication of the relationship, if any, between Aetna and USF&G; it merely substituted USF&G's name wherever Aetna's had appeared in the initial complaint.  Id. at 772.  Indeed, the Fifth Circuit pointed to this lack of evidence as one of its reasons for affirming the dismissal: "Neither Aetna nor USF&G has tendered, here or below, any clear explanation or showing of the relationship between the various member companies of USAIG.  The type of relationship is crucial to determining if diversity jurisdiction exists in this case."  Id. at 775.  Thus, Aetna is not about an amendment to cure a standing defect, but about an attempt to collusively join an unrelated party to manufacture diversity jurisdiction.  Aetna has no bearing on the case at bar.

Northwest's reliance on Summit is similarly misplaced.  There, plaintiffs were stripped of standing by a U.S. Supreme Court decision announced during the pendency of their lawsuit. Summit, 639 F.2d at 1282.  In response, plaintiffs proposed to amend their complaint to substitute in new plaintiffs who had standing to maintain the action.  Id.  The Fifth Circuit rejected this effort, explaining that: "Plaintiff had no identity of interest with either the new proposed plaintiffs, or the new class named in the complaint, or their cause of action.  It is clear that the new cause of action which the new proposed amended complaint attempted to insert could not benefit the original plaintiff."  Id.  The proposed amendment, therefore, would have created "an entirely new cause of action . . . prosecuted by an entirely new set of plaintiffs," id. at 1280, and for this reason amendment and relation back were inappropriate.  Indeed Summit noted that its holding was limited to its "special circumstances:" "we hold only that where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action."  Id. at 1282.

Subsequent decisions confirm that Summit's holding was limited to its unique factual context.  See Delta Coal Program v. Libman, 743 F.2d 852, 856 n. 6 (11th Cir. 1984),

(distinguishing <u>Summit</u>'s holding as limited to its facts).[5] <u>Delta Coal</u>, in fact, permitted an amendment substituting investor plaintiffs to relate back when the partnership (without standing) had filed the original complaint. <u>Id.</u> at 856. "Here, by contrast," the court wrote, "the operative facts and the cause of action are not changed, but only the formally named plaintiff. Rule 17(a) was intended to extend to precisely this kind of situation . . . ." <u>Id.</u> at 856 n. 6.

At bar, of course there are no issues of fair notice and no doubt that Sabre Inc. and Sabre Travel work as one entity in supplying services to Northwest. Under no description of the instant facts can Northwest claim that it was ambushed by Sabre's amendment or that this amendment has otherwise prejudiced Northwest in its defense. For these reasons, neither the holdings of <u>Aetna</u> nor <u>Summit</u> apply to the facts here. The rationale of both decisions, however, is consistent with <u>Haddad</u> and with Sabre's assertion that its amended complaint relates back.

Northwest's other arguments and authorities also fall flat. Northwest suggests that the relation back doctrine and Rule 15 do not apply outside of the statutes of limitations context. <u>See</u> Def. Memo, p.5. That is not true. <u>Aetna</u>, <u>Haddad</u> and <u>Sogevalor</u> demonstrate that Rule 15 applies in non-statute of limitations context, where there are no notice or prejudice issues. Second, Rule 17's relation back analysis is equally applicable at bar. <u>See e.g.</u>, <u>Delta Coal</u>, 743 F.2d at 856; <u>Sogevalor,</u> 137 F.R.D. at 13. Thus, courts have allowed substitution of plaintiffs

---

[5] <u>Summit</u> was decided before the Fifth/Eleventh Circuit split, and thus was precedent for <u>Delta Coal</u>. <u>Delta Coal</u> stated that:

> [<u>Summit</u>'s] holding by its terms extends "only" to instances where a plaintiff who lacks standing to assert a claim attempts to substitute "new plaintiffs, a new class, *and a new cause of action.*"

639 F.2d at 1282 (emphasis added). To the same effect was <u>Sogevalor, S.A. v. Penn Central Corp.</u>, 137 F.R.D. 12 (S.D.Ohio. 1991), where, notwithstanding the original plaintiff's lack of standing, the court rejected defendant's argument that the Court lacked jurisdiction to entertain the motion to amend the complaint. The <u>Sogevalor</u> court, applying Rule 15, noted that <u>Delta Coal</u> had distinguished <u>Summit</u>, and that the <u>Sogevalor</u> facts were distinguishable from both earlier cases. The new plaintiff had no identity of interest with Sogevalor, yet the court related back the amended claim to the original complaint because the new plaintiff premised his claim on the "same operative facts and cause of action instituted by Sogevalor."

and relation back outside the statute of limitations situations context, and where the original plaintiff lacked standing.

Northwest's reliance on <u>Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.</u>, 700 F.2d 889 (2d Cir. 1983), is also misplaced. There, the court held that a pension fund was not authorized to bring an ERISA claim and that only the fund's members could do so. <u>Id.</u> at 891. The court therefore held that it lacked subject matter jurisdiction over the suit. <u>Id.</u> at 894. Additionally, it denied the fund's request to substitute its members as plaintiffs because, the court felt, that substitution would have changed the very nature of the suit. The court rejected this attempt to create a "new action." <u>Id.</u> at 893. <u>See also</u> <u>Delta Coal</u>, 743 F.2d at 856 n.3 (rejecting the argument that <u>Pressroom</u>'s holding should be extended to all special jurisdictional statutes, and stating that <u>Pressroom</u> "consisted largely of a statutory analysis that pointed out that Congress delineated with particular care the kinds of parties eligible to sue within the jurisdictional provision itself."). At bar, there is no similar federal statute limiting the nature of parties eligible to sue, just a traditional contract dispute.

Northwest has therefore failed to cite to this Court any persuasive authority to support its assertion that an amendment which cures a plaintiff's standing defect does not relate back to the date of the original complaint. To the contrary, the courts in the Fifth Circuit and other circuits have permitted amendments adding or substituting plaintiffs and remedying the original plaintiff's lack of standing to relate back where, as here, the new plaintiff shares an identity of interest with the original plaintiff, the claims in the amended complaint are sufficiently embraced by the claims in the original complaint, and there is no prejudice to the defendant.

### III.  CONCLUSION

For the foregoing reasons, Northwest's motion to stay, transfer, or dismiss this case should be denied.

DATED:  October 25, 2004

By: _R.H. Wallace, Jr._
R.H. Wallace, Jr.
State Bar No. 20778700

Sydney B. Hewlett
 State Bar No. 00798257

**SHANNON GRACEY RATLIFF &
MILLER LLP**
777 Main Street, Suite 3800
Fort Worth, TX 76102
Telephone: (817) 336-9333

Roderick M. Thompson
State Bar No. 096192
Neil A. Goteiner
State Bar No. 083524
Thomas B. Mayhew
State Bar No. 183539
Frank Riebli
State Bar No. 221152
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 30th Flr.
San Francisco, CA 94104
Telephone: (415) 954-4400

Fred H. Bartlit
IL State Bar No. 127280
Chris Lind
IL State Bar No. 6225464
**BARTLIT, BECK, HERMAN,
PALENCHAR & SCOTT LLP**
Courthouse Place, 54 West Hubbard Street
Chicago, IL  60610
Telephone: (312) 494-4400

**Attorneys for Plaintiffs
SABRE INC. and SABRE TRAVEL
INTERNATIONAL LIMITED**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served via facsimile and certified mail to Defendant's counsel of record this ___25TH___ day of October, 2004.

Sydney B. Hewlett